IN THE CIRCUIT COURT OF THE 10TH JUDICIAL
CIRCUIT IN AND FOR POLK COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.

JOHN BEWARD,

     Plaintiff,

v.

LOWES HOME CENTERS, LLC,
WING PRODUCT DEVELOPMENT COMPANY
D/B/A LITTLE GIANT LADDER SYSTEMS,
AND LITTLE GIANT LADDER SYSTEMS, LLC,

     Defendants.

_____/

## COMPLAINT

Plaintiff, JOHN BEWARD, by and through undersigned counsel, sues Defendants,

LOWES HOME CENTERS, LLC, WING PRODUCT DEVELOPMENT COMPANY D/B/A

LITTLE GIANT LADDER SYSTEMS and LITTLE GIANT LADDER SYSTEMS, LLC, and

alleges as follows:

### General Allegations

1.     That this is an action in excess of $50,000.00 exclusive interest and costs, and

within the jurisdiction of this Court.

2.     That at all material times to this Complaint, Plaintiff, JOHN BEWARD, was a citizen

and resident of Polk County, FL.

3.     That at all times material hereto, Defendant, LOWES HOME CENTERS, LLC,

("LOWES") was and is a corporation incorporated under the laws of the State of North

Carolina, with its principal place of business in Mooresville, North Carolina.

2024CA-000666-0000-00     **Received in Polk 02/15/2024 10:46 AM**

4.    Defendant LOWES is subject to the jurisdiction of this Court because it operates, conducts, engages in, or carries on a business or business venture within this State; caused injury to persons or property arising out of an act or omission it committed in the State; manufactures, processes or services products or materials which are used within this State in the ordinary course of commerce, trade, or use; or engages in substantial and not isolated activity within this State.

5.    That at all times material hereto, Defendant, WING PRODUCT DEVELOPMENT COMPANY D/B/A LITTLE GIANT LADDER SYSTEMS ("WING"), was and is a corporation incorporated under the laws of Utah, with its principal place of business in Springville, Utah.

6.    Defendant WING is subject to the jurisdiction of this Court because it operates, conducts, engages in, or carries on a business or business venture within this State; caused injury to persons or property arising out of an act or omission it committed in the State; manufactures, processes or services products or materials which are used within this State in the ordinary course of commerce, trade, or use; or engages in substantial and not isolated activity within this State.

7.    That at all times material hereto, Defendant, LITTLE GIANT LADDER SYSTEMS, LLC ("LITTLE GIANT") was and is a corporation incorporated under the laws of Utah, with its principal place of business in Springville, Utah.

8.    Defendant LITTLE GIANT is subject to the jurisdiction of this Court because it operates, conducts, engages in, or carries on a business or business venture within this State; caused injury to persons or property arising out of an act or omission it committed in the State; manufactures, processes or services products or materials which are used within this State in the ordinary course of commerce, trade, or use; or engages in substantial and not isolated activity within this State.

9.      Defendants are subject to the jurisdiction in the State of Florida and therefore venue is proper in Polk County, Florida.

10.     On or about August 15, 2022, Plaintiff, JOHN BEWARD, purchased a Little Giant 8-14 King Kombo 2.0 Ladder ("Ladder").

11.     Upon information and belief, at all relevant times, Defendants are and were the designer, manufacturer, producer, distributor, vendor, seller of and/or marketing entity for the Ladder.

12.     Upon information and belief, at all relevant times, Defendants LOWES, WING and LITTLE GIANT and/or tested and inspected the Ladder in order to ensure that it was free from defects and safe for consumer use.

13.     The Ladder is a multi-functional ladder system designed for accessing elevated areas while ensuring stability and ease of use.  The product is designed to withstand heavy-duty tasks and can accommodate different heights and environments.

14.     On or about December 7, 2022, Plaintiff was using the Ladder and followed instructions enclosed with the Ladder.

15.     While using the Ladder fully extended, it suddenly and without warning folded up and collapsed, causing the Plaintiff to fall off the Ladder from a significant height causing Plaintiff to sustain multiple injuries.

16.     The Ladder was defective in that the locking pin and mechanism failed to properly lock into place when the Ladder was fully extended which caused Plaintiff to fall from the Ladder.

17.     The Ladder had not been misused and had not been modified post-sale before it failed.

18.     As a direct and proximate result of the collapse and folding up of the Ladder, Plaintiff suffered injury  to the body, and resulting pain and suffering, disability, mental anguish,

**2024CA-000666-0000-00        Received in Polk 02/15/2024 10:46 AM**

embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

<u>**COUNT I – PRODUCTS/STRICT LIABILITY AGAINST LOWES**</u>
<u>**(John Beward)**</u>

19.    Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-18 as if fully set forth herein.

20.    At all relevant times, Defendant LOWES was in the business of designing, manufacturing, inspecting, testing, distributing, selling and/or marketing Ladders and did design, manufacture, inspect, test, distribute, sell and/or market the Ladder giving rise to the subject Complaint.

21.    The Ladder failed to perform in a manner reasonably expected in light of its nature and intended function when it failed and caused severe injuries.

22.    The Ladder had not been misused post-sale before it failed.

23.    The Ladder was within its anticipated useful life when it failed.

24.    The Ladder failure was such that would not have occurred in the absence of a defect or unreasonably dangerous condition within it.

25.    Specifically, the Ladder was unreasonably dangerous and/or defective in that:

a.    it was dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases and/or uses it, with the ordinary knowledge common to the community as to its characteristics; and/or

b.    a reasonably prudent manufacturer would not have put it on the market assuming that manufacturer knew of its dangerous condition.

26.    That unreasonably dangerous condition and/or defect proximately caused injury to the body, and resulting pain and suffering, disability, mental anguish, embarrassment and

humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment.

27.    Therefore, Defendant LOWES is liable to Plaintiff for the aforementioned injuries caused by the defective Ladder.

    **WHEREFORE**, Plaintiff, JOHN BEWARD, demands judgment against Defendant, LOWES HOME CENTERS, LLC, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT II – NEGLIGENCE AGAINST LOWES
### (John Beward)

28.    Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-18 as if fully set forth herein.

29.    Defendant LOWES owed Plaintiff, as well as the public at large, the duty of reasonable care in designing, manufacturing, testing, inspecting, distributing, selling and/or marketing the Ladder, and/or to adequately warn of dangers presented by the product's design.

30.    Defendant knew, or in the existence of ordinary care, should have known, that the Ladder was defective and unreasonably dangerous to those persons likely to use the product for the purpose and in the manner for which it was intended to be used.

31.    Alternatively, Defendant LOWES knew, or in the exercise of ordinary care should have known, of the means of designing, manufacturing and/or marketing the Ladder such that the type of incident and resulting injuries and damages as described herein would have been prevented.

32.    Alternatively, Defendant LOWES had actual or constructive knowledge of the means of designing a Ladder that would not be inadequate and dangerous, and notwithstanding this knowledge, Defendant LOWES failed to adequately design, equip

and/or manufacture the Ladder.

33.     Alternatively, Defendant LOWES negligently failed to give adequate or proper warnings or instructions, and/or failed to make appropriate post-marketing efforts to prevent known incidents, such as the one included herein.

34.     Alternatively, Defendant LOWES failed to prudently design, manufacture, test, inspect, market and/or sell the Ladder, and/or failed to include a reasonable and safer alternative to the subject defective condition.

35.     As a direct and proximate result of Defendant's negligence, Plaintiff suffered injury to the body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff, JOHN BEWARD, demands judgment against Defendant, LOWES HOME CENTERS, LLC, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

### COUNT III – BREACH OF EXPRESS WARRANTY AGAINST LOWES
### (John Beward)

36.     Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-18 as if fully set forth herein.

37.     Defendant LOWES designed, manufactured, assembled, distributed, inspected, tested and/or sold the Ladder.

38.     Defendant LOWES expressly warranted that the Ladder was safe for ordinary use when used in compliance with the instructions provided.

39.     Defendant LOWES's affirmations regarding the safety of its product formed a basis of the bargain for Plaintiff without which Plaintiff would not have purchased and/or used

the Ladder.

40.     The Ladder did not conform to Defendant LOWES's affirmations regarding safety.

41.     As a direct and proximate result of Defendant LOWES's breach of express warranties, Plaintiff suffered injury to the body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

     **WHEREFORE**, Plaintiff, JOHN BEWARD, demands judgment against Defendant, LOWES HOME CENTER, LLC, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT IV – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### AGAINST LOWES
### (John Beward)

42.     Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-18 as if fully set forth herein.

43.     Defendant LOWES at all relevant times designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the Ladder.

44.     Defendant LOWES impliedly warranted that the Ladder was merchantable, fit for the ordinary purpose for which it was sold or used, was of fair average quality as to pass without objection in the trade, and conformed to Defendant's own affirmations regarding the Ladder's safety features and overall safe condition.

45.     Defendant LOWES breached their implied warranty of merchantability, as the product did not conform to Defendant's affirmations regarding the safety features and overall safe condition of the Ladder, the Ladder was not fit for the ordinary purpose for which it was sold or used, and/or was not of fair average quality so as to pass without objection in the trade.

46.    As a direct and proximate result of Defendant LOWES's breach of the implied warranty of merchantability, Plaintiff suffered injury to the body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

WHEREFORE, Plaintiff, JOHN BEWARD, demands judgment against Defendant, LOWES HOME CENTERS LLC, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT V – BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE AGAINST LOWES
### (John Beward)

47.    Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-18 as if fully set forth herein.

48.    Defendant LOWES designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the Ladder.

49.    In selling the Ladder to Plaintiff, Defendant LOWES, through its agents, servants, employees, and apparent agents, acting within the scope of their employment, authority, or apparent authority, made representations and promotions concerning the particular purpose to which Plaintiff would put the Ladder to use and knew or should have known of the particular purpose to which Plaintiff would put the product to use. Defendant impliedly warranted that the product would be fit for such particular purpose.

50.    Defendant breached its implied warranty of fitness for a particular purpose, as the Ladder did not conform to Defendant LOWES's affirmations regarding its product being fit for such particular purpose. The Ladder's malfunctioning safety features and overall unsafe condition rendered it unfit for that purpose.

2024CA-000666-0000-00        Received in Polk 02/15/2024 10:46 AM

51.    As a direct and proximate result of Defendant LOWES's breach of the implied warranty of fitness for a particular purpose, Plaintiff suffered injury  to the body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff, JOHN BEWARD, demands judgment against Defendant, LOWES HOME CENTERS, LLC, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT VI – FAILURE TO WARN AGAINST LOWES
### (John Beward)

52.    Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-18 as if fully set forth herein.

53.    Defendant LOWES designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the Ladder.

54.    On or about December 7, 2022, Plaintiff used the Ladder in the manner intended and/or foreseeably intended, when the Ladder failed, folded in and/or otherwise caused injury to Plaintiff.

55.    Upon information and belief, the Ladder was manufactured in a defective manner, was defectively designed, failed to have adequate and proper warnings or instructions, was not safe to be used for the purposes intended, and/or was inherently and/or unreasonably dangerous.

56.    Defendant LOWES knew or should have known of the dangerous nature of the Ladder by virtue of its business, and/or knew or should have known of the need to provide adequate warnings concerning the use of the Ladder.

2024CA-000666-0000-00        Received in Polk 02/15/2024 10:46 AM

57.   Defendant LOWES had a duty to provide reasonable warning of the danger involved in the use of the Ladder and failed to provide the public, including Plaintiff, notice of the danger involved.

58.   As a direct and proximate result of the foregoing, Plaintiff suffered injury to the body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff, JOHN BEWARD, demands judgment against Defendant, LOWES HOME CENTERS, LLC, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

### COUNT VII – PRODUCTS/STRICT LIABILITY AGAINST WING
### (John Beward)

59.   Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-18 as if fully set forth herein.

60.   At all relevant times, Defendant WING was in the business of designing, manufacturing, inspecting, testing, distributing, selling and/or marketing Ladders and did design, manufacture, inspect, test, distribute, sell and/or market the Ladder giving rise to the subject Complaint.

61.   The Ladder failed to perform in a manner reasonably expected in light of its nature and intended function when it failed and caused severe injuries.

62.   The Ladder had not been misused post-sale before it failed.

63.   The Ladder was within its anticipated useful life when it failed.

64.   The Ladder failure was such that would not have occurred in the absence of a defect or unreasonably dangerous condition within it.

65.    Specifically, the Ladder was unreasonably dangerous and/or defective in that:

a.    it was dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases and/or uses it, with the ordinary knowledge common to the community as to its characteristics; and/or

b.    a reasonably prudent manufacturer would not have put it on the market assuming that manufacturer knew of its dangerous condition.

66.    That unreasonably dangerous condition and/or defect proximately caused injury to the body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment.

67.    Therefore, Defendant WING is liable to Plaintiff for the aforementioned injuries caused by the defective Ladder.

**WHEREFORE**, Plaintiff, JOHN BEWARD, demands judgment against Defendant, WING PRODUCT DVELOPMENT COMPANY D/B/A LITTLE GIANT LADDER SYSTEMS, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

### COUNT VIII – NEGLIGENCE AGAINST WING
### (John Beward)

68.    Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-18 as if fully set forth herein.

69.    Defendant WING owed Plaintiff, as well as the public at large, the duty of reasonable care in designing, manufacturing, testing, inspecting, distributing, selling and/or marketing the Ladder, and/or to adequately warn of dangers presented by the product's design.

70.    Defendant WING knew, or in the existence of ordinary care, should have known,

that the Ladder was defective and unreasonably dangerous to those persons likely to use the product for the purpose and in the manner for which it was intended to be used.

71.    Alternatively, Defendant WING knew, or in the exercise of ordinary care should have known, of the means of designing, manufacturing and/or marketing the Ladder such that the type of incident and resulting injuries and damages as described herein would have been prevented.

72.    Alternatively, Defendant WING had actual or constructive knowledge of the means of designing a Ladder that would not be inadequate and dangerous, and notwithstanding this knowledge, Defendant WING failed to adequately design, equip and/or manufacture the Ladder.

73.    Alternatively, Defendant WING negligently failed to give adequate or proper warnings or instructions, and/or failed to make appropriate post-marketing efforts to prevent known incidents, such as the one included herein.

74.    Alternatively, Defendant WING failed to prudently design, manufacture, test, inspect, market and/or sell the Ladder, and/or failed to include a reasonable and safer alternative to the subject defective condition.

75.    As a direct and proximate result of Defendant WING's negligence, Plaintiff suffered injury  to the body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff, JOHN BEWARD, demands judgment against Defendant, WING PRODUCT DEVELOPMENT COMPANY D/B/A LITTLE GIANT LADDER SYSTEMS, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT IX – BREACH OF EXPRESS WARRANTY AGAINST WING
### (John Beward)

76.    Plaintiff realleges and reasserts the allegations contained in Paragraphs 1-18 as if fully set forth herein.

77.    Defendant WING designed, manufactured, assembled, distributed, inspected, tested and/or sold the Ladder.

78.    Defendant WING expressly warranted that the Ladder was safe for ordinary use when used in compliance with the instructions provided.

79.    Defendant WING's affirmations regarding the safety of its product formed a basis of the bargain for Plaintiff without which Plaintiff would not have purchased and/or used the Ladder.

80.    The Ladder did not conform to Defendant WING's affirmations regarding safety.

81.    As a direct and proximate result of Defendant WING's breach of express warranties, Plaintiff suffered injury to the body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff, JOHN BEWARD, demands judgment against Defendant, WING PRODUCT DEVELOPMENT COMPANY D/B/A LITTLE GIANT LADDER SYSTEMS, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT X – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY AGAINST WING
### (John Beward)

82.    Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-18 as if fully set forth herein.

**2024CA-000666-0000-00        Received in Polk 02/15/2024 10:46 AM**

83.     Defendant WING at all relevant times designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the Ladder.

84.     Defendant WING impliedly warranted that the Ladder was merchantable, fit for the ordinary purpose for which it was sold or used, was of fair average quality as to pass without objection in the trade, and conformed to 's own affirmations regarding the Ladder's safety features and overall safe condition.

85.     Defendant WING breached their implied warranty of merchantability, as the product did not conform to Defendant WING's affirmations regarding the safety features and overall safe condition of the Ladder, the Ladder was not fit for the ordinary purpose for which it was sold or used, and/or was not of fair average quality so as to pass without objection in the trade.

86.     As a direct and proximate result of Defendant WING's breach of the implied warranty of merchantability, Plaintiff suffered injury  to the body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff, JOHN BEWARD, demands judgment against Defendant, WING PRODUCT DEVELOPMENT COMPANY D/B/A LITTLE GIANT LADDER SYSTEMS, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT XI – BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE AGAINST WING
### (John Beward)

87.     Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-18 as if fully set forth herein.

88.    Defendant WING designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the Ladder.

89.    In selling the Ladder to Plaintiff, Defendant WING, through its agents, servants, employees, and apparent agents, acting within the scope of their employment, authority, or apparent authority, made representations and promotions concerning the particular purpose to which Plaintiff would put the Ladder to use and knew or should have known of the particular purpose to which Plaintiff would put the product to use.  Defendant impliedly warranted that the product would be fit for such particular purpose.

90.    Defendant WING breached its implied warranty of fitness for a particular purpose, as the Ladder did not conform to Defendant 's affirmations regarding its product being fit for such particular purpose.  The Ladder's malfunctioning safety features and overall unsafe condition rendered it unfit for that purpose.

91.    As a direct and proximate result of Defendant WING's breach of the implied warranty of fitness for a particular purpose, Plaintiff suffered injury  to the body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

WHEREFORE, Plaintiff, JOHN BEWARD, demands judgment against Defendant, WING PRODUCT DEVELOPMENT COMPANY D/B/A LITTLE GIANT LADDER SYSTEMS, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

### COUNT XII – FAILURE TO WARN AGAINST WING
### (John Beward)

92.    Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-18 as if

fully set forth herein.

93.    Defendant WING designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the Ladder.

94.    On or about December 7, 2022, Plaintiff used the Ladder in the manner intended and/or foreseeably intended, when the Ladder failed, folded in and/or otherwise caused injury to Plaintiff.

95.    Upon information and belief, the Ladder was manufactured in a defective manner, was defectively designed, failed to have adequate and proper warnings or instructions, was not safe to be used for the purposes intended, and/or was inherently and/or unreasonably dangerous.

96.    Defendant WING knew or should have known of the dangerous nature of the Ladder by virtue of its business, and/or knew or should have known of the need to provide adequate warnings concerning the use of the Ladder.

97.    Defendant WING had a duty to provide reasonable warning of the danger involved in the use of the Ladder and failed to provide the public, including Plaintiff, notice of the danger involved.

98.    As a direct and proximate result of the foregoing, Plaintiff suffered injury to the body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff, JOHN BEWARD, demands judgment against Defendant, WING PRODUCT DEVELOPMENT COMPANY D/B/A LITTLE GIANT LADDER SYSTEMS, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT XIII – PRODUCTS/STRICT LIABILITY AGAINST LITTLE GIANT
### (John Beward)

99. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-18 as if fully set forth herein.

100. At all relevant times, Defendant LITTLE GIANT was in the business of designing, manufacturing, inspecting, testing, distributing, selling and/or marketing Ladders and did design, manufacture, inspect, test, distribute, sell and/or market the Ladder giving rise to the subject Complaint.

101. The Ladder failed to perform in a manner reasonably expected in light of its nature and intended function when it failed and caused severe injuries.

102. The Ladder had not been misused post-sale before it failed.

103. The Ladder was within its anticipated useful life when it failed.

104. The Ladder failure was such that would not have occurred in the absence of a defect or unreasonably dangerous condition within it.

105. Specifically, the Ladder was unreasonably dangerous and/or defective in that:

a. it was dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases and/or uses it, with the ordinary knowledge common to the community as to its characteristics; and/or

b. a reasonably prudent manufacturer would not have put it on the market assuming that manufacturer knew of its dangerous condition.

106. That unreasonably dangerous condition and/or defect proximately caused injury to the body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment.

107. Therefore, Defendant LITTLE GIANT is liable to Plaintiff for the aforementioned

injuries caused by the defective Ladder.

**WHEREFORE**, Plaintiff, JOHN BEWARD, demands judgment against Defendant, LITTLE GIANT LADDER SYSTEMS, LLC for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT XIV – NEGLIGENCE AGAINST LITTLE GIANT
### (John Beward)

108. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-18 as if fully set forth herein.

109. Defendant LITTLE GIANT owed Plaintiff, as well as the public at large, the duty of reasonable care in designing, manufacturing, testing, inspecting, distributing, selling and/or marketing the Ladder, and/or to adequately warn of dangers presented by the product's design.

110. Defendant LITTLE GIANT knew, or in the existence of ordinary care, should have known, that the Ladder was defective and unreasonably dangerous to those persons likely to use the product for the purpose and in the manner for which it was intended to be used.

111. Alternatively, Defendant LITTLE GIANT knew, or in the exercise of ordinary care should have known, of the means of designing, manufacturing and/or marketing the Ladder such that the type of incident and resulting injuries and damages as described herein would have been prevented.

112. Alternatively, Defendant LITTLE GIANT had actual or constructive knowledge of the means of designing a Ladder that would not be inadequate and dangerous, and notwithstanding this knowledge, Defendant LITTLE GIANT failed to adequately design, equip and/or manufacture the Ladder.

113. Alternatively, Defendant LITTLE GIANT negligently failed to give adequate or

proper warnings or instructions, and/or failed to make appropriate post-marketing efforts to prevent known incidents, such as the one included herein.

114.   Alternatively, Defendant LITTLE GIANT failed to prudently design, manufacture, test, inspect, market and/or sell the Ladder, and/or failed to include a reasonable and safer alternative to the subject defective condition.

115.   As a direct and proximate result of Defendant LITTLE GIANT's negligence, Plaintiff suffered injury  to the body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff, JOHN BEWARD, demands judgment against Defendant, LITTLE GIANT LADDER SYSTEMS, LLC for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT XV – BREACH OF EXPRESS WARRANTY AGAINST LITTLE GIANT
### (John Beward)

116.   Plaintiff realleges and reasserts the allegations contained in Paragraphs 1-18 as if fully set forth herein.

117.   Defendant LITTLE GIANT designed, manufactured, assembled, distributed, inspected, tested and/or sold the Ladder.

118.   Defendant LITTLE GIANT expressly warranted that the Ladder was safe for ordinary use when used in compliance with the instructions provided.

119.   Defendant LITTLE GIANT's affirmations regarding the safety of its product formed a basis of the bargain for Plaintiff without which Plaintiff would not have purchased and/or used the Ladder.

120.   The Ladder did not conform to Defendant LITTLE GIANT's affirmations regarding

safety.

121.    As a direct and proximate result of Defendant LITTLE GIANT's breach of express warranties, Plaintiff suffered injury to the body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

WHEREFORE, Plaintiff, JOHN BEWARD, demands judgment against Defendant, LITTLE GIANT LADDER SYSTEMS, LLC for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

### COUNT XVI – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY AGAINST LITTLE GIANT
### (John Beward)

122.    Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-18 as if fully set forth herein.

123.    Defendant LITTLE GIANT at all relevant times designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the Ladder.

124.    Defendant LITTLE GIANT impliedly warranted that the Ladder was merchantable, fit for the ordinary purpose for which it was sold or used, was of fair average quality as to pass without objection in the trade, and conformed to 's own affirmations regarding the Ladder's safety features and overall safe condition.

125.    Defendant LITTLE GIANT breached their implied warranty of merchantability, as the product did not conform to Defendant LITTLE GIANT's affirmations regarding the safety features and overall safe condition of the Ladder, the Ladder was not fit for the ordinary purpose for which it was sold or used, and/or was not of fair average quality so as to pass without objection in the trade.

126.    As a direct and proximate result of Defendant LITTLE GIANT's breach of the

**2024CA-000666-0000-00        Received in Polk 02/15/2024 10:46 AM**

implied warranty of merchantability, Plaintiff suffered injury to the body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff, JOHN BEWARD, demands judgment against Defendant, LITTLE GIANT LADDER SYSTEMS, LLC for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

### COUNT XVII – BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE AGAINST LITTLE GIANT
### (John Beward)

127. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-18 as if fully set forth herein.

128. Defendant LITTLE GIANT designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the Ladder.

129. In selling the Ladder to Plaintiff, Defendant LITTLE GIANT, through its agents, servants, employees, and apparent agents, acting within the scope of their employment, authority, or apparent authority, made representations and promotions concerning the particular purpose to which Plaintiff would put the Ladder to use and knew or should have known of the particular purpose to which Plaintiff would put the product to use. Defendant impliedly warranted that the product would be fit for such particular purpose.

130. Defendant LITTLE GIANT breached its implied warranty of fitness for a particular purpose, as the Ladder did not conform to Defendant 's affirmations regarding its product being fit for such particular purpose. The Ladder's malfunctioning safety features and overall unsafe condition rendered it unfit for that purpose.

131. As a direct and proximate result of Defendant LITTLE GIANT's breach of the

implied warranty of fitness for a particular purpose, Plaintiff suffered injury to the body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff, JOHN BEWARD, demands judgment against Defendant, LITTLE GIANT LADDER SYSTEMS, LLC for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

**COUNT XVIII – FAILURE TO WARN AGAINST LITTLE GIANT**
**(John Beward)**

132. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-18 as if fully set forth herein.

133. Defendant LITTLE GIANT designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the Ladder.

134. On or about December 7, 2022, Plaintiff used the Ladder in the manner intended and/or foreseeably intended, when the Ladder failed, folded in and/or otherwise caused injury to Plaintiff.

135. Upon information and belief, the Ladder was manufactured in a defective manner, was defectively designed, failed to have adequate and proper warnings or instructions, was not safe to be used for the purposes intended, and/or was inherently and/or unreasonably dangerous.

136. Defendant LITTLE GIANT knew or should have known of the dangerous nature of the Ladder by virtue of its business, and/or knew or should have known of the need to provide adequate warnings concerning the use of the Ladder.

137. Defendant LITTLE GIANT had a duty to provide reasonable warning of the danger

**2024CA-000666-0000-00        Received in Polk 02/15/2024 10:46 AM**

involved in the use of the Ladder and failed to provide the public, including Plaintiff, notice of the danger involved.

138.    As a direct and proximate result of the foregoing, Plaintiff suffered injury to the body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff, JOHN BEWARD, demands judgment against Defendant, LITTLE GIANT LADDER SYSTEMS, LLC for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## DEMAND FOR TRIAL BY JURY

Pursuant to Florida Rules of Civil Procedure 1.430, Plaintiff demands a jury trial for all issues so triable.

Signed on 02/15/2024.

**LAW OFFICES OF JASON TURCHIN**
Attorney for Plaintiff
2883 Executive Park Drive, Ste. 103
Weston, FL 33331
Telephone:    954-659-1605 x 223
Facsimile:    954-659-1380
Email:    lshalom@victimaid.com

By:*/s/ Loren Shalom, Esq.*

LOREN SHALOM, ESQ.
Florida Bar No. 1049841
JASON TURCHIN, ESQ.
Florida Bar No. 585300

**2024CA-000666-0000-00**        **Received in Polk 02/15/2024 10:46 AM**